IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-160-D

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          **ORDER**
                                  )
TERRANCE ANTWAN WILLIAMS,         )
                                  )
              Defendant.          )

On September 2, 2008, without a written plea agreement, Terrance Antwan Williams ("Williams") pleaded guilty to possession with the intent to distribute more than 50 grams of cocaine base (crack) (count one), and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 18, 34]. On February 22, 2012, the court held Williams's resentencing hearing. See [D.E. 48]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Williams's total offense level to be 29, his criminal history category to be V, and his advisory guideline range to be 140 to 175 months' imprisonment. See [D.E. 50]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court upwardly varied and sentenced Williams to 204 months' imprisonment on count one, and 60 months' consecutive imprisonment on count two. See [D.E. 49]. Williams appealed. On September 17, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Williams, 494 F. App'x 352, 353–54 (4th Cir. 2012) (per curiam) (unpublished).

On February 18, 2016, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 65]. On March 1, 2016, the

government responded [D.E. 66]. Williams's new advisory guideline range on count one is 120 to 150 months' imprisonment, based on a total offense level of 27 and a criminal history category of V. See Resentencing Report. Williams requests a 175-month sentence on count one. See id.; [D.E. 89].

The court has discretion under Amendment 782 to reduce Williams's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 6–8. Moreover, Williams is a recidivist and has convictions for disorderly conduct (two counts), resisting a public officer, and possession with intent to sell and deliver marijuana (two counts). See id. ¶¶ 13–19. Williams also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 23, 35–37. Williams has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for phone abuse/disrupting monitoring. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Williams received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

2

§ 3553(a). Further reducing Williams's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Williams's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Williams's motion for reduction of sentence [D.E. 65].

SO ORDERED. This 20 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge

3