IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-160-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TERRANCE ANTWAN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

On August 12, 2019, Terrance Antwan Williams ("Williams") moved pro se for appointment of counsel [D.E. 88]. On October 11, 2019, Williams moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) [D.E. 89]. On March 30, 2021, Williams moved for ruling on his First Step Act motion [D.E. 90]. As explained below, the court denies Williams's motion for appointment of counsel and reduction of sentence, and dismisses as moot Williams's motion for ruling.

I.

On September 2, 2008, without a written plea agreement, Williams pleaded guilty to possession with the intent to distribute more than 50 grams of cocaine base (crack) (count one) and possession of firearms in furtherance of a drug trafficking crime (count two). See [D.E. 18, 24]. On February 22, 2012, the court held Williams's resentencing hearing. See [D.E. 48]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Williams's total offense level to be 29, his criminal history category to be V, and his advisory guideline range to be 140 to 175 months' imprisonment. See [D.E. 50]; [D.E. 55] 18. After thoroughly considering all relevant factors under 18 U.S.C. §

3553(a), the court upwardly varied and sentenced Williams to 204 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See [D.E. 49]. Williams appealed. See [D.E. 51]. On September 17, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Williams, 494 F. App'x 352, 353–54 (4th Cir. 2012) (per curiam) (unpublished).

On February 18, 2016, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 65]. On March 1, 2016, the government responded [D.E. 66]. Williams's new advisory guideline range on count one was 120 to 150 months' imprisonment, based on a total offense level of 27 and a criminal history category V. See Resentencing Report. Williams requested a 175-month sentence on count one. See id.; [D.E. 89]. On July 20, 2018, the court denied Williams's motion. See [D.E. 71].

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of cocaine base (crack) necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of cocaine base (crack) necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by

2

section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

3

Williams received the benefit of the Fair Sentencing Act at resentencing. See [D.E. 46]; [D.E. 55] 18; see also [D.E. 88-1]. Accordingly, the court denies Williams's motion for a sentence reduction.

Alternatively, even if the court has discretion, it would not reduce Williams's sentence. The court has completely reviewed the entire record, Williams's arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Williams's sentence, the court finds that Williams engaged in serious criminal behavior involving a large quantity of illegal narcotics and firearms. See PSR ¶¶ 6–8. Moreover, Williams is a recidivist and has convictions for disorderly conduct (two counts), resisting a public officer, and possession with intent to sell and deliver marijuana (two counts). See id. ¶¶ 13–19. Williams also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 23, 35–37. Williams has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for phone abuse/disrupting monitoring. See [D.E. 68-3]; see also [D.E. 90] (acknowledging other infractions); cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. High, No. 20-7350, 2021 WL 1823289, at *5–7 (4th Cir. May 7, 2021); United States v. McDonald, 986 F.3d 402, 411–12 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 397–98 (4th Cir. 2019). In light of Williams's terrible criminal conduct, serious criminal record, poor performance on supervision, misconduct while incarcerated, the need to promote respect for the law, the need to deter others, the need to protect society, and the need to incapacitate Williams, the court declines to reduce Williams's sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

4

In reaching this decision, the court has considered the entire record, Williams's arguments, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, it still would not reduce Williams's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

As for Williams's motion for appointment of counsel, the court appointed the Federal Public Defender, who advised Williams that he would not file a motion. See [D.E. 88-1]. The court then allowed the Federal Public Defender to withdraw. In any event, no right to counsel exists in a post-conviction proceeding. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ross v. Moffitt, 417 U.S. 600, 614-19 (1974). Moreover, this action does not present legally complex issues, and Williams has set forth his claims adequately. Accordingly, the court denies Williams's motion.

II.

In sum, the court DENIES Williams's motion for appointment counsel [D.E. 88] and motion for reduction of sentence [D.E. 89]. The court DISMISSES as moot Williams's motion for ruling [D.E. 90].

SO ORDERED. This 18 day of May 2021.

JAMES C. DEVER III
United States District Judge