IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-160-D
No. 5:21-CV-148-D

| | |
|---|---|
| TERRANCE ANTWAN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 30, 2021, Terrance Antwan Williams ("Williams" or "petitioner") moved pro se to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 91]. On June 9, 2021, the United States moved to dismiss Williams's motion under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 99, 100]. On June 9, 2021, the court sent Williams a letter notifying him of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 101]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Williams filed three documents in opposition to the government's motion [D.E. 102, 103, 104]. As explained below, the court grants the government's motion to dismiss and dismisses Williams's section 2255 motion.

I.

On September 2, 2008, without a written plea agreement, Williams pleaded guilty to possession with the intent to distribute more than 50 grams of cocaine base (crack) (count one) and possession of firearms in furtherance of a drug trafficking crime (count two). See [D.E. 18, 44]. On February 22, 2012, the court held Williams's resentencing hearing. See [D.E. 48]. At the hearing,

the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Williams's total offense level to be 29, his criminal history category to be V, and his advisory guideline range on count one to be 140 to 175 months' imprisonment followed by 60 months' consecutive imprisonment on count two. See [D.E. 50]; [D.E. 55] 18. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court upwardly varied and sentenced Williams to 204 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See [D.E. 49]; [D.E. 55] 29–34. Williams appealed. See [D.E. 51]. On September 17, 2012, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Williams, 494 F. App'x 352, 353–54 (4th Cir. 2012) (per curiam) (unpublished).

On February 18, 2016, Williams moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 65]. On March 1, 2016, the government responded [D.E. 66]. Williams's new advisory guideline range on count one was 120 to 150 months' imprisonment, based on a total offense level of 27 and a criminal history category of V. See Resentencing Report. Williams requested a 175-month sentence on count one. See id.; [D.E. 89]. On July 20, 2018, the court denied Williams's motion. See [D.E. 71]. On April 9, 2019, the Fourth Circuit affirmed. See United States v. Williams, 764 F. App'x 311 (4th Cir. 2019) (per curiam) (unpublished).

On October 11, 2019, Williams moved for a sentence reduction under section 404 of the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). See [D.E. 89]. On May 18, 2021, the court denied Williams's motion, concluding that Williams was ineligible for relief under section 404 because he received the benefits of the Fair Sentencing Act. See [D.E. 97] 4. Alternatively, the court stated that even if it had discretion to reduce Williams's sentence, it

2

would not do so in light of the entire record and the 18 U.S.C. § 3553(a) factors. See id. at 4–5. Williams did not appeal.

On March 30, 2021, Williams moved to vacate, set aside, or correct his sentence under section 2255. See [D.E. 91]. The United States moves to dismiss Williams's section 2255 motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See [D.E. 99].

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f)'s one-year clock is triggered by one of four conditions, whichever occurs last:

3

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

Williams's section 2255 motion is untimely. On September 17, 2012, the Fourth Circuit affirmed the district court's judgment. See Williams, 494 F. App'x at 354. Thus, the one-year statute of limitations period began to run once the period to seek a writ of certiorari expired (i.e., 90 days from the Fourth Circuit's decision). See Clay v. United States, 537 U.S. 522, 527, 532 (2003); Sup. Ct. R. 13. Williams, however, filed his section 2255 motion more than eight years later on March 30, 2021. See [D.E. 91]. Thus, section 2255's one-year statute of limitations bars his claim. See 28 U.S.C. § 2255(f). Furthermore, Williams has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. See id. Accordingly, the statute of limitations bars Williams's claim.

Alternatively, even if Williams's motion is timely, Williams fails to state a claim. First, Williams's claim is deficient because Williams seeks First Step Act relief under the wrong procedural mechanism. Williams should have sought relief under 18 U.S.C. § 3582(c)(1)(B), not

28 U.S.C. § 2255. See United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). Second, Williams fails to state a claim because he is ineligible for relief under the First Step Act as a matter of law. As the court explained in its May 18, 2021 order denying Williams relief under the First Step Act, Williams received the benefit of the Fair Sentencing Act when the court resentenced Williams in 2012. See [D.E. 97] 4; [D.E. 88-1]. Thus, Williams is not eligible for relief under section 404 of the First Step Act. See [D.E. 97] 4; see also First Step Act, § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with . . . the Fair Sentencing Act of 2010."). Accordingly, Williams has failed to state a claim under Rule 12(b)(6). Thus, the court grants the government's motion to dismiss.

Alternatively, even if the court were to consider Williams's arguments on the merits, the court would deny relief for the reasons stated in its May 18, 2021 order. See [D.E. 97]. Williams's "proof of claim" does not change the analysis. Cf. [D.E. 103, 104].

After reviewing the claim presented in Williams's motion, the court finds that reasonable jurists would not find the court's treatment of Williams's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 99], DISMISSES petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [D.E. 91], and DENIES a certificate of appealability.

5

SO ORDERED. This 29 day of November, 2021.

                                                 JAMES C. DEVER III
                                                 United States District Judge